UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50050-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER GRANTING** |
| | ) | **MOTION TO COMPEL** |
| MARK COTTIER, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant in the above-captioned case has filed a motion to compel discovery. Docket 24. This motion was referred to Magistrate Judge Veronica L. Duffy for ruling. Docket 29. Magistrate Judge Duffy granted in part and denied in part Defendant's motion to compel. Docket 32. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Government filed an objection to the Magistrate Judge's order, arguing that the order was clearly erroneous or contrary to law. Docket 33.

First, a point of clarification. In his motion to suppress, Defendant seeks to exclude, among other things, statements made on January 30, 2008, during a polygraph examination. Docket 26, page 7-8. During the polygraph, Defendant supposedly denied striking the victim, and after the test he stated that his girlfriend attacked the victim. "At no time did he make any admissions." Docket 33, page 1; See also Docket 33-3. However, the polygraph examiner concluded that Defendant's responses were "indicative of

deception." Docket 33-3.  The Government contends that it does not intend to the offer the results of the test – i.e. the examiner's conclusion that Defendant answered deceptively – in its case-in-chief at the trial.  Docket 33.  However, it appears that the Government still intends to introduce statements Defendant made during and after the polygraph.  Docket 32, page 3.  Thus, Defendant seeks to exclude these statements made, even though they appear at this time to be exculpatory to him, based on the fact that they were coerced.

     Defendant brought this motion to compel in order to secure access to a variety of materials related to the polygraph examination.  Magistrate Judge Duffy noted that the Government had already provided Defendant with a copy of his statement given on Jan. 30, 2008, as well as Agent Kenser's polygraph report, copies of the defendant's signed waivers of rights, and a "302" report of the interview.  Docket 32, page 3-4.  Magistrate Judge Duffy denied Defendant's motion with regard to training manuals on interrogation techniques and polygraph exams as well as the agents' "1A file entries and notes."  Id. at 5-6, 8.  Defendant has not appealed the denial of these requests.

     Magistrate Judge Duffy granted Defendant's motion to compel with regard to "the materials directly associated with the polygraph: audio or video recordings generated during the polygraph; polygraph charts; lists of questions; score sheets; control sheets; and copies of any computerized polygraph files and disks."  Docket 32, page 7.  The Government appeals this ruling, arguing that it is clearly erroneous or contrary to law.  Docket 33.  It states that a

Defendant's statements on January 30, 2008, cannot be determined to have been coerced, since the statements are not confessions but instead are denials of any wrongdoing.  Id. at 1-2.  Further, argues the Government, since it does not intend to introduce the polygraph results in its case-in-chief, and since the polygraph cannot be material to the defense because it is inadmissible, Federal Rule of Criminal Procedure 16 does not permit discovery related to the polygraph.  Id. at 2.  The Court notes again that it still appears that the Government may seek to introduce the *statements* made during and after the polygraph, even if it does not intend to introduce the *results* of the polygraph test itself.  See United States v. Waters, 194 F.3d 926, 930-31 (8th Cir. 1999).

Regarding the Government's statement that the voluntariness of Defendant's statements is irrelevant since they "could not by any means be construed as a confession," the Court notes incriminating responses protected by Miranda include "any response - whether inculpatory or exculpatory - that the *prosecution* may seek to introduce at trial."  Rhode Island v. Innis, 446 U.S. 291, 302 n.5 (1980) (quoting from Miranda v. Arizona, 384 U.S. 436, 476-77 (1966) in saying that "no distinction may be drawn between inculpatory statements and statements alleged to be merely 'exculpatory' . . . [since] statements merely intended to be exculpatory by the defendant are often used to impeach his testimony at trial or to demonstrate untruths in the statement given under interrogation and thus to prove guilt by implication").  The Court agrees with the Magistrate Judge that a determination about the voluntariness

of the statements made during and after the polygraph exam on January 30, 2008, is essential to evaluating whether or not these statements must be suppressed.  Further, it appears that the additional materials Defendant seeks in his motion to compel will help the Court determine whether these statements were coerced or voluntarily given. Therefore, since these materials must be made available to Defendant in order for this Court to properly determine the voluntariness of Defendant's statements on January 30, 2008, the Court grants Defendant's motion to compel.

Based on the foregoing, it is therefore

ORDERED that Defendant's motion to compel, Docket 24, is GRANTED IN PART.  The Government should turn over to defense counsel materials directly associated with the polygraph, including audio or video recordings generated during the polygraph, polygraph charts, lists of questions, score sheets, control sheets, and copies of computerized polygraph files and disks.

Dated January 22, 2009

BY THE COURT:

/s/ Andrew W. Bogue
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE