UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50050-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ADOPTING REPORT** |
| vs. | ) | **AND RECOMMENDATIONS** |
| | ) | **AND DENYING MOTION** |
| MARK COTTIER, | ) | **TO SUPPRESS** |
| | ) | |
| Defendant. | ) | |

Defendant in the above-captioned case has filed a motion to suppress. Docket 23. This matter was referred to Magistrate Judge Veronica L. Duffy, who held an evidentiary hearing on January 28, 2009, and issued a report and recommendation that same day recommending denial of Defendant's motion to suppress. Docket 37. Defendant has filed objections to that recommendation pursuant to 28 U.S.C. § 636(b)(1), which the Court takes up below.

**STANDARD OF REVIEW**

This Court must make a de novo determination of the portions of the Magistrate Judge's proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); see also United States v. Trice, 864 F.2d 1421, 1424 (8th Cir. 1988). The Court has conducted such a de novo review of the Magistrate Judge's report and

recommendation and has carefully reviewed the record, and it adopts the report and recommendation of the Magistrate Judge as discussed below.

**DISCUSSION**

Defendant's motion to suppress involves conversations between himself and law enforcement on two different occasions, the first on October 3, 2007, with BIA Special Agent Mitch Pourier, and the second on November 29, 2007, with FBI Special Agent Charles Cresalia.[1] Docket 23. Defendant argues that the <u>Miranda</u> advisements given at both times were incomplete and inaccurate; that Defendant's waivers of his <u>Miranda</u> rights were not knowing and intelligent, and were not voluntary; and that his Sixth Amendment right to counsel was violated when law enforcement interrogated him without his attorney despite the existence of related tribal charges. The Court takes up each allegation in turn.

**<u>Miranda</u> Waivers**

Defendant first argues that his waivers of rights at the October 3, 2007, and November 29, 2007, conversations are invalid. First, he argues that the waivers used were "incomplete and incorrect" because law enforcement did not

---

[1] Defendant's original motion also sought to suppress statements from two additional conversations on January 30, 2008, between Defendant and law enforcement. Docket 26, page 4-8. At the evidentiary hearing before Magistrate Judge Duffy, the Government stated that it did not intend to introduce Defendant's statements during these conversations. As the Government has no objection to their exclusion, the Magistrate Judge recommends suppression of these conversations, and the Court adopts this recommendation.

2

inform him that he may be charged with a felony in federal court . Docket 26, page 2-3. The Magistrate Judge concluded that neither Miranda nor the Constitution requires such warnings, and noted that Defendant provided no legal support for the proposition that federal agents must inform suspects of the particular charges or the possible penalties they may face. Docket 37, page 12-14. Defendant objects to this conclusion, arguing that "[w]ithout proper context, Miranda warnings have no functional or prophylactic purpose." Docket 39.

After conducting a de novo review of this issue and considering the filings in this case, as well as relevant caselaw, the Court adopts the Magistrate Judge's recommendation and denies Defendant's motion to suppress on this ground. Such warnings are not explicitly required by Miranda, and Defendant can point to no other court which has imposed such a requirement. Miranda v. Arizona, 384 U.S. 436, 478-79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Next, Defendant argues that his waivers of his rights at both conversations were invalid because they were not knowing and intelligent, and because they were not given voluntarily. Docket 26, page 2-3. The Magistrate Judge examined the totality of the circumstances as discussed in Defendant's filings as well as the evidence presented at the evidentiary hearing. First, she found that Defendant's waivers were voluntary, relying on Pourier's and Cresalia's testimony that Defendant appeared normal and responsive and did not appear to be compromised intellectually or under the influence of any

drugs. Docket 37, page 20-22. While Defendant complained that the officers failed to test Defendant to ensure that he was not impaired cognitively, overtired, or under the influence of drugs, the Magistrate Judge determined that the agents were under no duty to take such extensive steps given Defendant's appearance to the agents. She also concluded that the agents had not coerced Defendant into waiving his constitutional rights. Id. at 21-23. On the question of whether the waivers were given knowingly and intelligently, the Magistrate Judge relied on Pourier's and Cresalia's statements that Defendant's conduct during the interviews demonstrated that he understood his rights and comprehended that he was waiving them. Id. at 24-27. She concluded that the waivers were given knowingly and intelligently. Id. Defendant objects to both of these conclusions. Docket 39, page 2-3

The Court has conducted a de novo review of this issue, reviewing the parties' submissions, the transcript of the evidentiary hearing, the Magistrate Judge's report, and relevant caselaw, and it finds that the Defendant's waivers of his Miranda rights were valid, in that they were given voluntarily and were both knowing and intelligent. Therefore, the Court adopts the Magistrate Judge's report and denies Defendant's motion to suppress on this ground.

**Sixth Amendment Right to Counsel**

The Magistrate Judge also examined whether Defendant's Sixth Amendment right to counsel had been violated when the agents spoke with him about the alleged assault while he was in tribal custody on a charge arising out

4

of the same circumstances as his eventual federal charge.  Docket 37, page 27-32.  The Magistrate Judge noted that a possible Sixth Amendment violation could arise when law enforcement interrogate a suspect regarding a potential crime, when that suspect is in tribal custody on a crime stemming from the same conduct and when the suspect has asserted his right to counsel and has been appointed a licensed attorney to represent him.  Id. at 29-30.  However, the Magistrate Judge found that Defendant had failed to demonstrate that a violation of his right to counsel had occurred, since no testimony was heard regarding his tribal charge, how the elements of that tribal charge compared to the federal charge, whether he had invoked his right to counsel, whether he was appointed counsel, whether his representation was a licensed attorney or lay counsel, and what the federal agents knew about the related tribal prosecution.  Id. at 31-32.  Therefore, the Magistrate Judge concluded that no Sixth Amendment violation had occurred.  The Defendant objects to this conclusion, stating that "it is fair to infer that Defendant asserted his right to counsel in the tribal proceedings . . . [and that] law enforcement clearly knew Defendant was under criminal prosecution in tribal court."  Docket 39, page 3-4.

After a de novo review of this issue, the Court adopts the Magistrate Judge's recommendation and finds that no Sixth Amendment violation occurred.  Suppression of evidence is not warranted based on the potential violation of one's constitutional rights.  The Court does not believe that mere

5

inference and speculation on the part of the Defendant is sufficient for it to require use of the exclusionary rule.  Further, the Court believes that, even if Defendant was appointed lay counsel on the tribal charges, no constitutional violation occurred which requires this Court to suppress the subsequent statements.  See United States v. Tools, 2008 WL 259524 at *6 (D.S.D. 2008); United States v. Killeaney, 2007 WL 4459348 at *5 (D.S.D. 2007); United States v. Dupris, 422 F. Supp. 2d 1061, 1068 (D.S.D. 2006); see also United States v. Whitefeather, 2006 WL 763204 (D. Minn. 2006).  For this reason and those stated by the Magistrate Judge, Defendant's motion to suppress his statements on this ground is denied.

Based on the foregoing, it is therefore

ORDERED that Defendant's motion to suppress, Docket 23, is DENIED.

IT IS FURTHER ORDERED that the Magistrate Judge's report and recommendations, Docket 37, is ADOPTED IN FULL.

Dated February 24, 2009.

                                BY THE COURT:

                                /s/ *Andrew W. Bogue*
                                ANDREW W. BOGUE
                                SENIOR DISTRICT JUDGE