UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
APR 0 3 2009
CLERK

| UNITED STATES OF AMERICA, | ) | CR. 08-50050-AWB |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER DENYING MOTION** |
| vs. | ) | **TO DISMISS MULTIPLICITOUS** |
| | ) | **COUNTS AND DENYING** |
| MARK COTTIER, | ) | **MOTION TO SEVER** |
| | ) | |
| Defendant. | ) | |

Defendant has filed a motion to dismiss multiplicitous counts in the indictment, Docket 48, and a motion to sever counts for trial, Docket 46. The Government has responded to both motions. Docket 50. For the reasons stated below, both of Defendant's motions are denied.

**Motion to Dismiss Multiplicitous Counts in the Indictment**

Defendant is charged in a two-count indictment with assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3), and assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). Docket 1. Defendant alleges that these two counts are multiplicitous because the complaining witness is the victim on both counts, because the assaults occurred during one night over the span of a few minutes, and because "[b]oth counts stem from one alleged, brief act." Docket 49. Therefore, argues Defendant, since both counts attempt to punish the same conduct, prosecution for both counts violates his Fifth Amendment privilege against double jeopardy.

Id.

"An indictment is multiplicitous if it charges the same crime in two counts." United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005) (concerning two counts of simple assault); see also United States v. Worthon, 315 F.3d 980, 983 (8th Cir. 2003) (alleging two violations of 18 U.S.C. § 1709, which prohibits a postal employee from stealing packages). "The main difficulty with such an indictment is that the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double-jeopardy clause of the fifth amendment." Id.

The Eighth Circuit has already considered whether assault with a dangerous weapon and assault resulting in serious bodily injury are multiplicitous. United States v. Eagle, 586 F.2d 1193, 1196-97 (8th Cir. 1978). In United States v. Eagle, the Eighth Circuit considered an argument identical to Defendant's, concluding that the offenses of assault with a deadly weapon and assault resulting in serious bodily injury are "different as a matter of law" because each requires proof of a fact which the other does not. Eagle, 586 F.2d at 1196 (citing United States v. Blockburger, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); see also United States v. Walker, 817 F.2d 461, 464 (8th Cir. 1987). Therefore, stated the Eighth Circuit, no multiplicity arises when an indictment charging violations of 18 U.S.C. § 113(a)(3) and § 113(a)(6). Id. at 1197 (stating that the "enactment of the statutes in question over a period of years, and the provision by Congress for separate punishments, are

compelling evidence that Congress intended the offenses to be different as a matter of law"); see also United States v. Fay, 668 F.2d 375, 379 (8th Cir. 1981).

Defendant cites United States v. Chipps in support of his motion. Docket 49. However, Chipps is distinguishable from the situation here, since the multiplicitous counts in Chipps were two charges of simple assault under 18 U.S.C. § 113(a)(5). 410 F.3d at 448. In contrast, Defendant is charged with violations of two separate provisions of 18 U.S.C. § 113; unlike Chipps, the same statutory violation is not charged twice. Id. at 448. Since each count charged against Defendant requires proof of a different element, the charges are not multiplicitous, and Defendant's motion is denied.

**Motion to Sever Counts for Trial**

Next, Defendant moves for a severance of charges under Federal Rule of Criminal Procedure 14(a) "because the cumulative evidence resulting from a joint trial would result in a clear and real prejudice against Defendant." Docket 47, page 1.

> In this case, evidence of each alleged count taints the others so as to increase the risk of undue prejudice. The jury may also improperly cumulate the evidence of both counts charged and find guilt, when if considered separately, it would not do so. Finally, there is the prejudice to Defendant if he wishes to testify at trial on one count, but not the other. His right to remain silent is compromised by the joinder of the counts.

Id. at 2. In response, the Government argues that the charges arise out of the same incident, "and in no way will [joinder] prejudice the defendant." Docket

50.

Federal Rule of Criminal Procedure 8 provides: "The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction[.]" Additionally, Rule 14 provides a remedy to situations where joinder of offenses may be permissible under Rule 8, yet is undesirable: "If joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trial of counts[.]" Fed. R. Crim. P. 14. Applying these two rules, the Eighth Circuit has said:

> When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8. If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14. These rules are to be "liberally construed in favor of joinder."

United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995) (citing United States v. Rimmell, 21 F.3d 281, 289 (8th Cir. 1994)).

The Court finds that the counts in the indictment are properly joined under Rule 8. Both of the charges arise out of events that took place at Pine Ridge, South Dakota, on or about September 27, 2007, and both involve the same complaining witness. The Court believes that the charges are "of the same or similar character" and they are "based on the same act or transaction." Fed. R. Crim. P. 8. Therefore, Counts I and II are properly joined under Rule 8.

4

Furthermore, the Court does not believe that Cottier has established that he would be prejudiced by joinder of the two charges, especially in light of the judicial preference for joinder of claims discussed in Darden. The Court does not believe that Defendant's allegations of prejudice demonstrate a serious risk that a trial on both charges would "prevent the jury from making a reliable judgment about guilt or innocence" on each of the charges. United States v. Mabry, 3 F.3d 244, 251 (8th Cir. 1993) (involving joinder of defendants). Further, the Court believes that the jury will be able to compartmentalize the evidence, as this case is not particularly complex and as this Court's instructions to the jury can effectively admonish jury members regarding any spillover effect of the evidence. See United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006) (discussing joinder of defendants); United States v. Liveoak, 377 F.3d 859, 865 (8th Cir. 2004) (same). Finally, Defendant has failed to make a sufficient showing under Closs v. Leapley that joinder will prejudice him if he chooses to testify on one count only. 18 F.3d 574, 578 (8th Cir. 1994) (stating that defendant must make "a persuasive and detailed showing regarding the testimony that the defendant would give on the one count . . . and the reason why he cannot testify on the other count"). For these reasons, Defendant's motion to sever is denied.

Based on the foregoing, it is therefore

ORDERED that Defendant's motion to sever counts for trial, Docket 46, is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to dismiss multiplicitous counts of the indictment, Docket 48, is DENIED.

Dated April 3, 2009.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
DISTRICT JUDGE